The Honorable Laura L. McClure State Representative, One Hundred Nineteenth District State Capital, Room 278-W Topeka, Kansas 66612-1504
Dear Representative McClure:
As representative for the 119th district you ask whether the person selected as the secretary to the board of agriculture (in accordance with current proposed legislation) may by statute be made a member of the "governor's cabinet."
We find no constitutional or statutory reference to the "cabinet." The only mention of the term in Kansas case law is in a Kansas Supreme Court dissenting opinion:
 "The state government is not modeled on the cabinet system. On the contrary, the constitution expressly provides (const., art. 1, sec. 1) that the executive department shall consist of a governor, lieutenant-governor, secretary of state, auditor, treasurer and attorney general, and superintendent of public instruction." State v. Dawson, 86 Kan. 180, 192
(1911) (J. West, dissenting). (Kan. Const., art. 1, sec. 1 was amended eliminating the auditor, treasurer, and the superintendent of public instruction from the executive department.) L. 1972, ch. 390, sec. 1.
The term "governor's cabinet" is a term of art which has evolved by tradition and is patterned after the president's cabinet, also a creation of custom and tradition. Each member of the president's cabinet has a constitutional duty as the principal officer of an executive department to provide opinions to the president as he requires pursuant to article II, section 2 of the United States Constitution. There is a similar provision in article 1, section 4 of the Kansas constitution wherein the governor may require information "from the officers of the executive department, upon any subject relating to their duties." These constitutional provisions are the basis of our argument although, as discussed below, rather than conferring power, our state constitution limits it.
The Supreme Court in Leek v. Theis, 217 Kan. 784 (1974), reiterates succinctly the principle that all governmental power under our system of government is inherent in the people of our state, who exercise such power through the legislative branch of government. Id. at 802. Accordingly, the legislature is free to act, except as it is restricted by the state and federal constitutions. Id. These principles have given rise to the oft-repeated proposition that our constitution limits rather than confers powers, and any power not limited by the constitution remains with the people and their legislators. See, e.g.,NEA-Forst Scott v. U.S.D. No. 234, 225 Kan. 607, 609 (1979).
The legislature has acted to create those executive officers that head the state departments. The governor's "cabinet" currently includes the lieutenant governor, the secretary of the board of agriculture and the secretaries of the following state departments: Wildlife and parks, commerce and housing, administration, transportation, revenue, corrections, social and rehabilitation services, health and environment, human resources, and aging. Although there is no constitutional or statutory provision which indicates that these secretaries are part of the "cabinet," they have some common characteristics. All of the secretaries listed above are appointed by the governor subject to the confirmation of the senate, and serve at the pleasure of the governor. See K.S.A. 32-801; 74-5002; K.S.A. 1994 Supp. 75-3702; 75-5001; 75-5101; 75-5203; 75-5301; 75-5601; 75-5701; 75-5903, respectively. Under proposed legislation House Bill No. 2078 the secretary would be elected by the board of agriculture. Our conclusion under these circumstances remains the same because as a head of an executive department the secretary is subject to the Kansas constitutional provision in Art. 1, sec. 4. This provision does not require that the governor take the advice of this executive head. It allows the governor to request advice as he needs it.
A legislative enactment providing that the secretary of the board of agriculture serve as a member of the executive department and thus be subject to the governor's requirement that she provide information relating to her duties does not in our judgment amount to more than what article 1, section 4 of the Kansas constitution already requires. In conclusion, and for this reason, it is our opinion that the legislature may enact legislation requiring the secretary serve as a member of the governor's cabinet that historically has been comprised of the executive department officers who provide advice as required by the governor.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:JLM:GE:jm